# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE AT COLUMBIA

| | |
|---|---|
| JAMES WALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:12-cv-00118 |
| ) | JUDGE HAYNES |
| ENOCH GEORGE, sheriff of Maury ) | JURY DEMAND |
| County, LT. DEBRA WAGONSHUTZ, ) | |
| FLOYD SEALEY, a nurse, MAURY ) | |
| REGIONAL MEDICAL CENTER, LLC, ) | |
| ABL MANAGEMENT, INC., and ) | |
| GENELLA POTTER, ) | |
| ) | |
| Defendants. ) | |

## AGREED PROTECTIVE ORDER FOR PRODUCTION OF DOCUMENTS BY DEFENDANT GENELLA POTTER

It being represented to the Court that the Plaintiff has propounded Interrogatories and Requests for Production of Documents to Defendant Genella Potter and therein has requested materials from Defendant Genella Potter pertaining to this lawsuit; that some of the documents requested are confidential, proprietary, and/or otherwise sensitive in nature; that the documents belong to Defendant ABL Management, Inc. and/or to Defendant Genella Potter (hereinafter "Defendants"); that Defendants have agreed to produce certain documents under this Protective Order upon the hereinafter stated terms and conditions; and that it being represented to the Court that all of the parties are in agreement as to the terms of the said Protective Order; therefore, pursuant to Rules 26, 33, and 34 of the FEDERAL RULES OF CIVIL PROCEDURE, it is hereby **ORDERED** as follows:

1. Defendants will disclose and produce certain documents attached to Defendant's

1

Responses to Plaintiff's First Set of Interrogatories and Request for Production as taken from a group of documents labeled as ABL00001 – ABL01162 (hereinafter "documents" and/or "materials") to Plaintiff's attorney only pursuant to this Protective Order and under the conditions that follow. This Protective Order does not mandate or require Defendants to produce all documents in the group of ABL00001 – ABL01162. The ultimate production of such documents will be governed by and subject to the FEDERAL RULES OF CIVIL PROCEDURE and any and all applicable privileges. However, any such documents produced by Defendants in response to Plaintiff's First Set of Interrogatories and Request for Production are subject to and protected by this Order.

2. The documents disclosed by Defendants and the contents thereof shall be maintained in confidence by counsel for the other Parties to this action. Counsel for the other named Parties may provide copies of these documents to independent experts and consultants retained or consulted by counsel of record for the sole purpose of assisting counsel in this action and the employees of such experts and consultants who are assisting them. Counsel for the other named Parties may show copies of these documents to their respective clients and to actual or potential fact witnesses for purposes related solely to the prosecution or defense of this action. Except for the foregoing, the documents shall not be photocopied or reproduced by any means without the prior consent of counsel for Defendants or until further order of this Court.

3. The documents disclosed by Defendants and the contents thereof shall be used only in connection with the above-captioned matter and for purposes outlined above shall not be used for any other purpose whatsoever.

4. No person who examines any document produced pursuant to this order shall disseminate orally, in writing, or by any other means, the document(s) or the information contained therein, to any person not also authorized to examine documents under the terms of this Order.

5. Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds including, but not limited to, relevance, privilege and materiality.

6. Notwithstanding the foregoing provisions, this Order shall not restrict in any manner the right of any party to offer or use this evidence at the trial of this action any of the documents subject to this Protective Order and nothing contained herein shall be construed as a waiver of any objection which might raised as to the admissibility of any evidentiary material.

7. At the conclusion of this lawsuit against Defendants by settlement, a jury verdict, non-suit, dismissal, by judgment order or otherwise, any and all materials provided by Defendants, including any and all copies, or renditions made from the materials, shall be returned to Defendants within thirty (30) days.

8. A breach of the terms of this Order shall entitle Defendants to appropriate sanctions, including but not limited to attorneys fees and costs incurred in the enforcement of this Order.

Entered this 21st of October, 2013.

_____
JUDGE

**APPROVED FOR ENTRY:**

**HALLWORTH & ASSOCIATES**

BY: /s/ Eugene Raymond Hallworth
Eugene Raymond Hallworth
BPRN 4051
P.O. Box 938
714-A Trotwood Avenue
Columbia, TN 38402-0938
(931) 381-9900
hallworthg@aol.com
*Attorney for Plaintiff*