IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF TENNESSEE AT COLUMBIA

| | |
|---|---|
| JAMES WALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:12-cv-00118 |
| ) | JUDGE HAYNES |
| ENOCH GEORGE, sheriff of Maury ) | JURY DEMAND |
| County, LT. DEBRA WAGONSHUTZ, ) | |
| FLOYD SEALEY, a nurse, MAURY ) | |
| REGIONAL MEDICAL CENTER, LLC, ) | |
| ABL MANAGEMENT, INC., and ) | |
| GENELLA POTTER, ) | |
| ) | |
| Defendants. ) | |

## SECOND AGREED PROTECTIVE ORDER FOR PRODUCTION OF DOCUMENTS BY DEFENDANTS ABL MANAGEMENT, INC. AND GENELLA POTTER

It being represented to the Court that the Plaintiff has made multiple discovery requests to Defendants ABL Management, Inc. and Genella Potter wherein Plaintiff has requested materials from Defendants ABL Management, Inc. and Genella Potter pertaining to this lawsuit; that some or all of the documents requested are confidential, proprietary, and/or otherwise sensitive in nature; that the documents belong to Defendant ABL Management, Inc. and/or to Defendant Genella Potter (hereinafter "Defendants"); that Defendants have agreed to produce certain documents under this Protective Order upon the hereinafter stated terms and conditions; and that it is being represented to the Court that all of the parties are in agreement as to the terms of the said Protective Order; therefore, pursuant to Rules 26, 33, and 34 of the FEDERAL RULES OF CIVIL PROCEDURE, it is hereby **ORDERED** as follows:

1. Defendants have and/or will disclose and/or produce certain documents in response to

1

EXHIBIT 1

Plaintiff's multiple discovery requests. Further, the documents that Defendants have produced and/or will produce are bates stamped labeled beginning at ABL00001 (hereinafter "documents" and/or "materials"). Any such documents disclosed and/or produced by Defendants previously or in the future will be and are made pursuant to this Protective Order and under the conditions that follow. This Protective Order does not mandate or require Defendants to produce all documents in the ABL00001 *et. seq.* bates stamped labeled group. The ultimate production of such documents will be governed by and subject to the FEDERAL RULES OF CIVIL PROCEDURE and any and all applicable privileges. However, any such documents produced by Defendants in in this matter are subject to and protected by this Order.

2. The documents disclosed and/or produced by Defendants and the contents thereof shall be maintained in confidence by counsel for the other Parties to this action. Counsel for the other named Parties may provide copies of these documents to independent experts and consultants retained or consulted by counsel of record for the sole purpose of assisting counsel in this action and the employees of such experts and consultants who are assisting them. Counsel for the other named Parties may show copies of these documents to their respective clients and to actual or potential fact witnesses for purposes related solely to the prosecution or defense of this action. Except for the foregoing, the documents shall not be photocopied or reproduced by any means without the prior consent of counsel for Defendants or until further order of this Court.

3. The documents disclosed and/or produced by Defendants and the contents thereof shall be used only in connection with the above-captioned matter and for purposes outlined above shall not be used for any other purpose whatsoever.

4. No person who examines any document disclosed and/or produced pursuant to this order shall disseminate orally, in writing, or by any other means, the document(s) or the information

contained therein, to any person not also authorized to examine documents under the terms of this Order.

5. Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds including, but not limited to, relevance, privilege, and materiality.

6. Notwithstanding the foregoing provisions, this Order shall not restrict in any manner the right of any party to offer or use this evidence at the trial of this action any of the documents subject to this Protective Order and nothing contained herein shall be construed as a waiver of any objection which might raised as to the admissibility of any evidentiary material.

7. At the conclusion of this lawsuit against Defendants by settlement, a jury verdict, non-suit, dismissal, by judgment order or otherwise, any and all materials provided by Defendants, including any and all copies, or renditions made from the materials, shall be returned to Defendants within thirty (30) days.

8. A breach of the terms of this Order shall entitle Defendants to appropriate sanctions, including but not limited to attorneys fees and costs incurred in the enforcement of this Order.

9. This Order shall replace the prior protective order entered as Document Entry # 57.

Entered this _10th_ of _April_, 2014.

_____
JUDGE