IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JAMES ANDREW WALL, )
)
    Plaintiff, )
) No. 1:12-cv-00118
v. ) Judge Haynes
)
ENOCH GEORGE, individually and in his )
official capacity as sheriff of Maury County, et al., )
)
    Defendants. )

**ORDER**

Before the Court is Defendants Enoch George and Lt. Debra Wagonschutz's motion for summary judgment (Docket Entry No. 129).

For the reasons stated in the Court's Order granting in part Defendants' motion for summary judgment in the related action of Brandon Frazier v. Enoch George, et al., 1:12-cv-00128, the Court concludes that Defendants' motion for summary judgment (Docket Entry No. 129) is **GRANTED** as to Plaintiff's claims for unsanitary housing,[1] inadequate law library,[2] and inadequate hygiene.[3] Defendants' motion is also granted with respect to Plaintiff's claims for injunctive relief.

Unlike Plaintiff Frazier, Plaintiff Wall does not allege that he was forced to sleep in close proximity to raw sewage. Instead, Plaintiff Wall's raw sewage claim stems from a single incident in which he was required to walk through ankle-deep raw sewage while returning from the law library to his pod. (Docket Entry No. 123-1, Deposition of James Wall at 36). The Court finds that

---

[1] See Docket Entry No. 123-1, Deposition of James Wall at 33-35.

[2] Id. at 35.

[3] Id. at 36.

this single incident of exposure does not constitute a violation of the Eighth Amendment. See Gofarth v. Sumner County, 2013 WL 1943020 at *3 (M.D. Tenn. 2013). As such, unlike Plaintiff Frazier, Plaintiff Wall's overcrowding claim is limited to the inconvenience and discomfort associated with sleeping on the floor. (Docket Entry No. 123-1, Deposition of James Wall at 35-36). The Court finds that Plaintiff has failed to create a genuine issue of material fact with respect to a sufficiently serious deprivation as a result of overcrowding. See Gofarth, 2013 WL 1943020 at *3 (citing Hubbard v. Taylor, 538 F.3d 229, 235 (3d Cir. 2008) (holding that forcing pretrial detainees to sleep on a floor mattress for three to seven months due to overcrowding is not a constitutional violation)). Therefore, Defendants' motion is **GRANTED** as to Plaintiff's claims for overcrowding and raw sewage.

Plaintiff Wall also alleges inadequate dental care. Dental care can fall within the category of "serious medical needs." McCarthy v. Place, 313 Fed. App'x 810, 814 (6th Cir. 2008). A "cognizable claim regarding inadequate dental care, like one involving medical care, can be based on various factors, such as the pain suffered by the plaintiff, the deterioration of the teeth due to a lack of treatment, or the inability to engage in normal activities." Id. (citing Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998)). In Chance, the Second Circuit found that an inmate's allegation that a dentist consciously failed to fill his cavity, causing significant pain, stated a claim of deliberate indifference. Here, Plaintiff contends that these Defendants deprived him of adequate dental treatment in a timely manner. Yet, Plaintiff seeks to hold Defendant George liable purely as a result of his general position of authority. See Docket Entry No. 131-1, Deposition of James Wall at 32. Further, Plaintiff admits that he has no evidence to suggest that Defendant Wagonschutz failed to forward the medical requests to the appropriate medical personnel. Id. Thus, Plaintiff fails to satisfy

the subjective component's requirement that prison officials knew of, and acted with deliberate indifference to, his dental care.[4]

Plaintiff also alleges that he was threatened by Corrections Officers for filing grievances and/or requests for medical treatment. Yet, Plaintiff acknowledges that Defendant George was unaware of this alleged intimidation. (Docket Entry No. 131-1, Deposition of James Wall at 37). Plaintiff also admits that he does not know, specifically, if the alleged intimidation was in response to medical requests. Id. at 37-38. Further, Plaintiff fails to address this claim in Response to Defendants' motion for summary judgment (Docket Entry No. 158). Accordingly, Plaintiff has failed to create a genuine issue of material fact precluding summary judgment on the retaliatory treatment claim.

Accordingly, Defendants' motion for summary judgment (Docket Entry No. 129) is **GRANTED** as to Plaintiff's claims for unsanitary housing, inadequate law library, inadequate hygiene, inadequate medical/dental care, overcrowding, raw sewage, and retaliatory treatment. These claims are **DISMISSED**. Defendants' motion is also granted with respect to Plaintiff's claims for injunctive relief. These claims are **DISMISSED as moot**. Defendants' motion for summary judgment is **DENIED** in all other respects, as genuine issues of material fact with respect to Defendants' knowledge of, and participation in, the alleged violations of Plaintiff's rights remain in dispute.

---

[4]To the extent Plaintiff alleges claims for inadequate medical care, as a separate and distinct claim from inadequate dental care, in his Fourth Amended Complaint (Docket Entry No. 117), the Court notes that Plaintiff's Response to Defendants' motion for summary judgment (Docket Entry No. 158) fails to address inadequate non-dental medical care. Accordingly, the Court concludes that Plaintiff has failed to create a genuine issue of material fact sufficient to preclude summary judgment on non-dental medical claims as well as claims for inadequate dental care.

It is so **ORDERED**.

**ENTERED** this the \_\_7th\_\_ day of October, 2014.

    WILLIAM J. HAYNES, JR.
    United States District Court